UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Leo Earl Sharp et al.,

    Defendants.

_____/

Case No. 11-20699

Honorable Nancy G. Edmunds

**OPINION AND ORDER NOTING WITHDRAWAL OF MOTIONS TO SEVER [171, 175, 182], DENYING DEFENDANT CZACH'S MOTION TO DISMISS COUNT THREE OF THE SUPERCEDING INDICTMENT WITH RESPECT TO HEROIN AND MARIJUANA [168], NOTING WITHDRAWAL OF DEFENDANT KENNETH DWAYNE JENKINS'S MOTION TO DISMISS COUNT THREE FOR FAILING TO ALLEGE THE OFFENSES WITH SPECIFICITY AND COUNT SIXTEEN [164], DENYING DEFENDANT THEODORE CZACH'S MOTION FOR BILL OF PARTICULARS [169], HOLDING IN ABEYANCE DEFENDANT CZACH'S MOTION TO COMPEL NON-DESTRUCTIVE EXPERT ANALYSIS OF EXHIBIT N-93 [252], AND ORDERING THE GOVERNMENT TO PRODUCE THE DATES DEFENDANT REYMOYNE THORNTON JOINED THE COUNT THREE CONSPIRACY**

On August 22, 2013, the Court held a hearing on Defendants's various motions in limine.

At the hearing, Defendants withdrew all pending motions to sever and joinders in those motions. (Dkt. 167, 171, 175, 182, 183.) Also at the hearing, the parties represented that they desired to hold Defendant Theodore Czach's motion to compel non-destructive expert analysis of Exhibit N-93 in abeyance. (Dkt. 252.) The Court therefore HOLDS IN ABEYANCE that motion.

The Court then heard Defendants' arguments on their motions to dismiss and motions for bills of particulars. The Court denied those motions, save for the parties agreeing that

the Government would provide the dates that Defendant Thornton allegedly joined the conspiracy. The Government agreed to provide that information by August 30, 2013. At the hearing, and also on the record, Defendant Jenkins withdrew his motion to dismiss count three and count sixteen of the superseceding indictment. (Dkt. 164.)

The Court discusses more fully its reasoning for denying the motions to dismiss and motions for bills of particular.

Defendant Czach filed a motion to dismiss Count Three of the Second Superseding Indictment as it relates to the conspiracy to possess with intent to distribute and distribution of heroin and marijuana for failure to allege the offense with specificity.[1] Defendant Czach argues that the SSI is arguably facially sufficient in terms of the allegations relating to cocaine, but insufficient as to the claims regarding marijuana and heroin. (Czach's Mot. to Dismiss at 1.)

Count Three provides:

> From in and at least sometime in 2008, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including February 26, 2012, in the Eastern District of Michigan, Southern Division, and elsewhere, [Defendants] and others, known and unknown to the grand jury, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree to commit an offense against the United States, that is, to possess with intent to distribute, and to distribute controlled substances, specifically one thousand (1,000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code,

---

[1]Joinders:
  D-13, David Felix Jurado [174]
  D-01 Leo Sharp [178]
  D-18, Marin Najjar [180]

2

Sections 842(a)(1), 841(b)(1)(A)(I), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii), and 846.

It is further part of the conspiracy that:

1. It was part of the conspiracy that, Jose Roberto Lucero-Bustamante and Armando Dias-Lucero lead a drug trafficking organization responsible for the shipment and distribution of marijuana, cocaine, and heroin on a regular basis from Mexico to Michigan. This organization is a part of the Joquin Guzman LOREA a.k.a. "Chap" GUZMAN Sinaloa Cartel based in Sinaloa, Mexico. The organization distributed thousands of kilograms of marijuana, over a thousand kilograms of cocaine, and kilogram-sized quantities of heroin in the Detroit metropolitan area from July 2008-2011.

2. It was further part of the conspiracy that Pedro Delgado-Sanchez acted as a middle man between Lucero-Bustamante and Dias-Lucero in Mexico and Theodore Czach in Michigan for shipments of cocaine. Delgado-Sanchez would coordinate with Octavio Humberto Gamez to find couriers to bring the shipments of cocaine from the southwest border region of the United States to Michigan.

3. It was further part of the conspiracy that Leo Earl Sharp, Mark George Bailey, Walter Ogden, Tamara Lynn Bond-Ogden, and others, known and unknown to the grand jury, acted as couriers for the organization transporting cocaine and money between co-conspirators.

4. It was further part of the conspiracy that Alejandro Vargas, Antonio Simmons, Nicholas Dominick Simmons, Kenneth Dwayne Jenkins, David Felix Juarado, and Reymoyne Thorton would obtain multi-kilogram quantities of marijuana and cocaine for further distribution and sale.

5. During the life of the conspiracy, Jose Roberto Lucero-Bustamante, Pedro Delgado-Sanchez, and Octavio Humberto Gamez and other conspirators, aiding and abetting each other, possessed cocaine with the intent to distribute on a continuing basis. Some of these transactions include the following:

   A. Between 2009 and the end of 2011, Leo Sharp has delivered approximately 670 kilograms of cocaine to conspirators in Michigan.

   B. In 2011, Mark George Bailey delivered approximately 185 kilograms of cocaine to conspirators in Michigan.

   C. In July 2011, Walter Ogden and Tamara Lynn Bond-Ogden delivered approximately 200 kilograms of cocaine to conspirators in Michigan.

    D. When larger loads of cocaine were not available to be delivered to Michigan, Oscar Martinez would travel to Chicago to pick up kilogram-sized quantities of cocaine from this organization.

The Government combines its responses to the motions to dismiss and for bills of particulars. (Dkt. 185.)

The Government first argues that Count Three of the indictment is constitutionally sufficient–it tracks the statutory language of the offense charged, provides Defendants with notice of the elements that the Government must prove at trial, and gives Defendants sufficient information that "enables [them] to plead an acquittal or conviction in bar of future prosecutions for the same offense." (Gov't's Resp. at 2, quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

The Court agrees with the Government, the indictment is constitutionally sufficient. Federal Rule of Criminal Procedure 7(c)(1) provides:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . . It need not contain a formal introduction or conclusion. . . . A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated[.]

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth

all the elements necessary to constitute the offense intended to be punished.'" *Id.* (citation omitted). *See United States v. Branan*, 457 F.2d 1062, 1064 (6th Cir. 1972) ("It is well settled that in an indictment for conspiring to commit an offense-in which the conspiracy is the gist of the crime-it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy . . . or to state such object with the detail which would be required in an indictment for committing the substantive offense[.] In charging such a conspiracy 'certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary.'") *And see United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (finding that an indictment was sufficient when it tracked the statutory language and stated a time frame.).

Here, the Court DENIES the motion to dismiss Count Three. The indictment contains the elements of the conspiracy charge and informs the defendants of the charges against which they must defend. The indictment further alleges what Defendants allegedly conspired to do–possess with intent to distribute, and distribute controlled substances. The indictment shows what Defendants are charged with distributing–cocaine, marijuana, and heroin. And the indictment gives a reasonable time period, from 2008 to 2012. The indictment is sufficient without requiring further specification.

Defendant Czach requests a bill of particulars to identify when and how he became involved in the conspiracy and when and with whom he agreed to commit an illegal act with regard to the distribution of cocaine, marijuana, and heroin.[2]

---

[2]"A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an

Federal Rule of Criminal Procedure 7(f) provides that a "court may direct the government to file a bill of particulars." "The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when he indictment itself is too vague, and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)

"A bill of particulars is meant 'to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. [It] is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.'" *United States v. Martini,* 11-5592, 11-5888, 11-5893, 2013 WL 656258, at *20 (6th Cir. Feb. 25, 2013) (citation omitted) (holding that the defendant did not show that the lack of specificity in the indictment hindered him at trial when he received copies of numerous recorded conversations spanning a period of time such that he could not have been surprised when the government presented from various dates.).

---

agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all the other conspirators. 'It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identify of those who agree' which places the defendant on notice of the charge he must be prepared to meet.'" *United States O'Neal*, 08-107, 2008 WL 5435575, at *2 (E.D.Tenn. Dec. 30, 2008) (quoting *United States v. Rey*, 923 F.3d 1217, 1222) (6th Cir. 1991) (citations omitted)).
Joinders:
D-18, Martin Najjar [172]
D-12, Kenneth Dwayne Jenkins [173]
D-15, Reymoyne Thornton [184]

6

"A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." *United States v. Musick*, 291 F.App'x 706 (6th Cir. 2008) (citations omitted). "Nor is the Government required to furnish the names of all other co-conspirators." *Id.* (citations omitted).

The Government opposes Defendants' motions for bills of particulars. (Gov't's Resp. at 2.) The Government argues that case law shows that Defendants cannot use a bill of particulars to obtain the information they have requested and that they cannot obtain a bill of particulars when the Government has produced complete and extensive discovery, as the Government states it has done. (*Id.*)

The Court agrees with the Government. The Government has provided extensive discovery and Defendants, other than Defendant Thornton, has not provided a compelling reason/need for a bill of particulars.

So ordered.

                                  s/Nancy G. Edmunds
                                  Nancy G. Edmunds
                                  United States District Judge

Dated: August 27, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 27, 2013, by electronic and/or ordinary mail.

                                  s/Johnetta M. Curry-Williams
                                  Case Manager
                                  Acting in the Absence of Carol A. Hemeyer