# United States District Court
## Eastern District of Michigan

| United States of America | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| LEO EARL SHARP | Case Number: 11CR20699-1 |
| | USM Number: 46394-039 |
| [AKA: Sharp, Sr., Leo Earl] | |
| | Darryl A. Goldberg |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ Pleaded guilty to count(s)  **1sss of the Superseding Information**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841 and 21 U.S.C. § 841(C) | Conspiracy to Possess With Intent to Distribute and Distribution of Cocaine | October 2011 | 1sss |

The defendant is sentenced as provided in pages **2 through 7** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

■ Count(s)  **1, 1s, 1ss, 3s-4s and 3ss-4ss**  are  dismissed on the motion of the United States after a plea of not guilty.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

MAY 7, 2014
Date of Imposition of Judgment

s/Nancy G Edmunds
United States District Judge

May 12, 2014
Date Signed

DEFENDANT: LEO EARL SHARP
CASE NUMBER: 11CR20699-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **36 MONTHS. Pursuant to the Sentencing Reform Act of 1984, the Court, considering the sentencing guidelines and factors contained in 18 U.S.C. § 3553(a).**

The court makes the following recommendations to the Bureau of Prisons: **That the defendant be placed in a BOP medical facility in Rochester, Minnesota.**

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prison: **as notified by the United States Marshal. With the stipulation that the defendant be released to a third-party.**

**The start of the custody portion of the defendant's sentence is hereby deferred until after June 15, 2014.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

DEFENDANT: LEO EARL SHARP
CASE NUMBER: 11CR20699-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 YEARS.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)** the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)** the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)** the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)** the defendant shall support his or her dependents and meet other family responsibilities;

**5)** the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)** the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)** the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)** the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)** the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)** the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)** the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)** the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)** as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)** the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT:  LEO EARL SHARP
CASE NUMBER:  11CR20699-1

# CRIMINAL MONETARY PENALTIES

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 0.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS:** | $ 0.00 | $ 0.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  LEO EARL SHARP
CASE NUMBER:  11CR20699-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court waives the imposition of a fine, the costs of incarceration and the costs of supervision, due to the defendant's lack of financial resources.

Judgment-Page 6 of 7

DEFENDANT: LEO EARL SHARP
CASE NUMBER: 11CR20699-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
[A] Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

   **See detail list attached.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: LEO EARL SHARP
CASE NUMBER: 11CR20699-1

# ADDITIONAL FORFEITED PROPERTY

As part of his sentence, Defendant Sharp shall forfeit to the United States his interest to the following property:

1)  Real property located at 5211 and 5205 Mount Plymouth Road, Apopka, Florida, which is more fully described as follows:

The South ½ of Lot 22, ROCK SPRINGS SUBDIVISION, according to the plat thereof, as recorded in Plat Book "Q", Page 118, Public Records of Orange County, Florida

And also described as:

Beginning at the Southeast corner of the Lot 22, Rock Springs Subdivision, according to the plat thereof as recorded in Plat Book Q, Page 118 of the Public Records of Orange County, Florida, run thence South 89 degrees 50 minutes 30 seconds West along the South boundary line of the aforesaid Lot 22, a distance of 1063.33 feet to the Southwest corner of the aforementioned Lot 22; thence run North 23 degrees, 39 minutes 40 seconds West, along the Westerly boundary line of the aforesaid Lot 22, a distance of 181.57 feet; thence run North 89 degrees 50 minutes 30 seconds East, a distance of 1137.74 feet to a point on the East boundary line of the aforementioned Lot 22; thence run South 00 degrees 09 minutes 25 seconds East, a distance of 166.51 feet to the Point of Beginning.

Tax Parcel No: 09-20-28-7608-00-220

Titled to: Brookwood Gardens South, Inc.

2)  A forfeiture money judgment in the amount of Five Hundred Thousand Dollars ($500,000) is also entered against Defendant Sharp, in favor of the United States of America. To satisfy the money judgment the net proceeds of the real property and any assets that Defendant Sharp has now, or may later acquire, may be forfeited as substitute assets pursuant to 21 U.S.C. § 853(p), but for the Defendant Sharp's home and farm in Michigan City, Indiana. The forfeiture money judgment shall be reduced by the amount of funds ultimately forfeited to the United States.